

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-17-00131-CR

ANTWON TAYLOR, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 09F0343-202

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Antwon Taylor has filed an untimely notice of direct appeal from the trial court's denial of his motion for forensic DNA testing.[1] We dismiss the appeal for want of jurisdiction.

This Court may consider a direct appeal only if it is filed within the timetables set out by the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 25.2, 26.2. Under Rule 26.2, a notice of appeal in a criminal case must be filed within 30 days "after the day the trial court enters an appealable order." TEX. R. APP. P. 26.2(a)(1). That thirty-day deadline is extended to ninety days if a motion for new trial is timely filed in the trial court. TEX. R. APP. P. 26.2(a)(2). In the absence of a notice of appeal filed within those time frames, this Court has no jurisdiction to consider an appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see Slaton v. State*, 981 S.W.2d 208, 209 n.3 (Tex. Crim. App. 1998) (per curiam).

In August 2009 and pursuant to a plea agreement with the State, Taylor pled guilty to and was convicted of failure to appear.[2] In May 2017, Taylor filed a motion for forensic DNA testing in the trial court, and that motion was denied by the trial court on May 16, 2017. Taylor did not file a motion for new trial in the trial court; consequently, his notice of appeal from the trial court's May 16 order was due on or before June 15, 2017. Taylor filed his notice of appeal on June 16, 2017, one day beyond that deadline, making it untimely.

---

[1]*See* TEX. CODE CRIM. PROC. ANN. art. 64.01 (West Supp. 2016), art. 64.05 (West 2006).

[2]*See* TEX. PENAL CODE ANN. § 38.10 (West 2016). Taylor was also convicted at the same time of sexual assault of a child, and he filed the same motion for forensic DNA testing in that case. His appeal of the trial court's denial of that motion is addressed under our cause number 06-17-00130-CR.

We notified Taylor by letter that his notice of appeal appeared to be untimely and that the appeal was subject to dismissal for want of jurisdiction.  We gave Taylor twenty days to respond to our letter and demonstrate how, notwithstanding the defects herein noted, we had jurisdiction over the appeal.  Taylor filed a response indicating that he did not receive notice of the trial court's order until May 23, 2017, and requesting that we calculate his filing deadline from the date he received notice rather than the date the order was entered.[3]  While the power of Taylor's argument is lost on neither this Court nor the Court of Criminal Appeals, we lack the authority to create jurisdiction where none exists.

Because Taylor did not timely file his notice of appeal, we dismiss the appeal for want of jurisdiction.


                    Bailey C. Moseley
                    Justice

Date Submitted:      August 14, 2017
Date Decided:       August 15, 2017

Do Not Publish

---

[3]The Court of Criminal Appeals of Texas and the Texas Supreme Court recently adopted Rule 4.6 of the Texas Rules of Appellate Procedure specifically to address situations such as this in which there is a delay between the time the trial court enters its order denying a motion for forensic DNA testing and the time the movant receives notice of that order. *See* Court of Criminal Appeals of Texas, *Order Adopting Texas Rule of Appellate Procedure 4.6*, Misc. Docket No. 17-007 (June 5, 2017); Supreme Court of Texas, *Order Adopting Texas Rule of Appellate Procedure 4.6*, Misc. Docket No. 17-9061 (June 13, 2017).  Unfortunately for Taylor, that new rule does not take effect until September 1, 2017.